UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUS GERARD LAVERRIERE,

    Petitioner,

v.

STATE OF CALIFORNIA,

    Respondent.

Case No. 13-cv-01660-JST (PR)

**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Re: Dkt. No. 2

    Petitioner, a California state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a February 2009 conviction and sentence in the Santa Cruz Superior Court. Petitioner filed this action in the Eastern District of California which transferred it to this Court on April 12, 2013. He has also filed an application for leave to proceed in forma pauperis ("IFP").

    An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

    In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. See Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. See id. If the court of appeals

denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. See id. at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. He indicates in his petition that he has not presented his claims, either on direct appeal or in a petition for habeas relief, to the California Supreme Court. (Pet. 3-4.) To exhaust his claims, petitioner must properly raise them in the California Supreme Court. Petitioner has also not presented any exceptional circumstances to excuse his failure to exhaust. See Granberry, 481 U.S. at 134. The petition is therefore DISMISSED without prejudice to refiling after available state judicial remedies are exhausted.

Good cause appearing, petitioner's application to proceed IFP (docket number 2) is GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 6, 2013

_____
JON S. TIGAR
United States District Judge